**ROSMARY, a.k.a. Rosemary Yuwono, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03-74048.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2007 *.

Filed Aug. 10, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI and TALLMAN, Circuit Judges, and SANDOVAL **, District Judge.

** The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

836

## MEMORANDUM ***

▮ 1. The Board of Immigration Appeals ("BIA") concluded that Rosmary failed to file her asylum application within one year of her arrival and that she failed to demonstrate changed circumstances affecting her eligibility or extraordinary circumstances relating to the delay in filing an application within one year. We have jurisdiction to review this decision. *See Ramadan v. Gonzales,* 479 F.3d 646, 655–58 (9th Cir.2007) (per curiam). Because the record does not compel a contrary conclusion, the BIA's findings are supported by substantial evidence. *See Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir. 2006).

▮ 2. In denying Rosmary's application for withholding of removal, the BIA determined that Rosmary did not demonstrate that it was more likely than not that she would be persecuted in Indonesia on account of her Chinese ethnicity or Christian religion. That her family's home and the church they attended were destroyed in random anti-Chinese/Christian violence does not show that Rosmary is "more likely to be targeted for persecution or harassment than any other member of Indonesia's Chinese Christian community." *See Lolong v. Gonzales,* 484 F.3d 1173, 1180 n. 4 (9th Cir.2007) (en banc). Because the record does not compel a contrary conclusion, the BIA's findings are supported by substantial evidence. *See Gu,* 454 F.3d at 1018.

▮ 3. In denying Rosmary's application for relief under the Convention Against Torture, the BIA concluded that Rosmary failed to demonstrate that it is more likely than not that she would be tortured upon returning to Indonesia. 8 C.F.R. § 208.16(c)(2). Because the record

does not compel a contrary conclusion, the BIA's findings are supported by substantial evidence. *See Gu,* 454 F.3d at 1018.

## PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.